IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN QUATTLEBAUM,** | : | **CIVIL NO. 1:10-CV-0235** |
| Petitioner | : | |
| | : | **(Judge Rambo)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **WARDEN WILLIAM SCISM,** | : | |
| Respondent | : | |

# M E M O R A N D U M

On April 7, 2010, the magistrate judge to whom this matter was referred filed a report and recommendation. On April 21, 2010, Petitioner filed a motion for a 30-day extension of time to file objections to the report and recommendation. This court granted the motion and extended the deadline to file objections to May 21, 2010. No objections were filed by the deadline or thereafter and no motion for a further continuance was filed. On June 7, 2010, following a review of the pleadings before the court and the appropriate law, this court adopted the report and recommendation and denied the petition for writ of habeas corpus. On July 13, 2010, Petitioner filed a motion for reconsideration of the June 7, 2010 order. Petitioner's motion was dated June 27, 2010 and was postmarked July 12, 2010. Petitioner's motion will be denied for three reasons.

First, Middle District Local Rule 7.10 states that "[a]ny motion for reconsideration or reargument must be accompanied by a supporting brief and filed within fourteen (14) days after the entry of the order concerned." Petitioner filed his motion well beyond the 14 day deadline, even using the June 27, 2010 date

Petitioner placed on the motion as a signature date, and failed to file a brief in support of his motion.

Second, Petitioner's one-page motion is lacking in specificity. He states that he has been prevented from contacting the court due to "no fault of petitioner," that he has been placed in segregation at the prison which prevented further correspondence, and that he remains in SHU detention (doc.13). This court is aware of Bureau of Prisons regulations and those regulations permit mail in and out of segregation units. Petitioner has failed to explain why he was unable to communicate with the court.

Third, a motion for reconsideration is of limited utility. Such a motion is to be used to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting

*Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995). This court denied the petition for writ of habeas corpus after adopting the well-reasoned report of the magistrate judge and Petitioner has not made any argument fitting any of the three conditions warranting reconsideration.

   An appropriate order will be issued.

                 s/Sylvia H. Rambo
                 United States District Judge

Dated: July 14, 2010.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN QUATTLEBAUM,** | : | **CIVIL NO. 1:10-CV-0235** |
| Petitioner | : | |
| v. | : | **(Judge Rambo)** |
| | : | **(Magistrate Judge Carlson)** |
| **WARDEN WILLIAM SCISM,** | : | |
| Respondent | : | |

# **O R D E R**

In accordance with the accompanying memorandum and for the reasons stated therein, **IT IS HEREBY ORDERED THAT** the motion for reconsideration is denied. This court declines to issue a certificate of appealability.

s/Sylvia H. Rambo<br>
United States District Judge

Dated: July 14, 2010.